UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kairat Bizhayev, Plaintiff, v. Carrie M. Selby, Defendant. | C/A No. 7:26-cv-02312-SAC-WSB **REPORT AND RECOMMENDATION** |

Kairat Bizhayev ("Plaintiff") brings this civil action against the above-named Defendant seeking relieve under the Administrative Procedure Act related to an immigrant status determination by the United States Citizenship and Immigration Services. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. This action is subject to dismissal under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.[1]

[1] General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), provides, in pertinent part, as follows:

> If the *pro se* litigant does not comply with the order to bring the case into proper form, the Clerk of Court shall forward the case to the assigned Magistrate Judge for a Report and Recommendation that the assigned District Judge or Senior District Judge dismiss the case without prejudice for lack of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

*Id*. at 2. Because Plaintiff is a non-prisoner litigant, deemed to be proceeding *pro se*, the undersigned enters this Report and Recommendation, recommending dismissal under Rule 41.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint. ECF No. 1. The Complaint is signed by Plaintiff's out-of-state counsel, Vano I. Haroutunian ("Attorney Haroutunian"), and Plaintiff submitted a verification with the Complaint. *Id.* at 25–26. Plaintiff paid the full $405 filing fee (receipt number 300122436). The Complaint seeks declaratory and injunctive relief under the Administrative Procedure Act ("APA") related to the denial of Plaintiff's Form I-140 Immigrant Petition for Alien Worker. *Id.*

Along with the Complaint, Attorney Haroutunian also filed a Motion to Appear Pro Hac Vice (the "Pro Hac Motion") (ECF No. 3) and Motion for Leave to Appear Without Local Counsel (the "Local Counsel Motion") (ECF No. 4). In the Pro Hac Motion, Attorney Haroutunian explained, among other things, that he is a resident of the State of New York and not South Carolina; that he is a partner of the law firm Ballon Stoll P.C. in New York, New York; and that he is a member in good standing of the bar of the highest court of the State of New York. ECF No. 3 at 1. Attorney Haroutunian further noted that he had not filed an application to appear pro hac vice in this District Court or any other court in the State of South Carolina within the last ten years; that he had been unable to secure local counsel despite good-faith efforts; and that no other counsel is associated with Attorney Haroutunian in this case at this time. *Id.* at 2. The Pro Hac Motion was accompanied by a check for the applicable fee in the amount of $350. *Id.*

In the Local Counsel Motion, Attorney Haroutunian explained that he represents Plaintiff in this matter, that he is admitted and in good standing in New York state and federal courts, and that he has submitted a pro hac vice application along with the Local Counsel Motion. ECF No. 4 at 1. Attorney Haroutunian acknowledged the requirements of Local Civil Rules 83.I.04 and 83.I.05 and explained that "Plaintiff has made good-faith efforts to obtain local counsel in South

Carolina for this matter, but despite those efforts, Plaintiff has been unable to secure local counsel before filing." *Id.* at 2. Attorney Haroutunian asserted that "Plaintiff seeks to file this action promptly to preserve and pursue his rights, and denial of leave at this stage would prejudice Plaintiff by delaying access to judicial review." *Id.* Thus, Attorney Haroutunian asked that the Court grant him "leave to appear pro hac vice and permit Plaintiff to proceed without local counsel, or alternatively temporarily waive the local-counsel requirement and allow Plaintiff a reasonable period to continue efforts to obtain local counsel." *Id.*

By Order dated June 17, 2026, the undersigned denied both the Local Counsel Motion and the Pro Hac Motion. ECF No. 7. As to the Local Counsel Motion, the Court noted that Plaintiff failed to advance good cause to show that the Court should depart from the requirements of the Local Rules and excuse Plaintiff's failure to retain local counsel.[2] *Id.* at 2–3. As to the Pro Hac Motion, the Court noted that Attorney Haroutunian is not admitted to practice in this District and had not associated local counsel in this case in accordance with the Local Rules and that, because

---

[2] The Local Rules provide:

> litigants in civil and criminal actions, other than parties appearing pro se, must be represented by at least one member of the bar of this court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this court. The attorney identification number is also required on each pleading, motion, discovery procedure, or other document served or filed in this court.

Local Civ. Rule 83.I.04(A) (D.S.C.). The only two exceptions to this rule are for (1) United States Department of Justice attorneys attending to the interests of the United States, pursuant to 28 USC §§ 515(a) and 517; and (2) Social Security Administration attorneys serving as Special Assistant United States Attorneys to represent the agency in court. Local Civ. Rule 83.I.04(B) (D.S.C.). Neither exception applies to this case. The reasons advanced by Plaintiff to excuse the Local Rule's requirements of local counsel are (1) that Plaintiff has been unable to secure local counsel and (2) that time is of the essence to proceed with this action to preserve Plaintiff's rights. ECF No. 4. As noted in the Order dated June 17, 2026, Plaintiff's arguments are unavailing as he could proceed in this action *pro se* to preserve and pursue his rights. ECF No. 7 at 3.

Plaintiff had not retained local counsel to represent him, the Court could not grant Attorney Haroutunian's Pro Hac Motion.[3] *Id.*

The Court's June 17 Order further explained that, because Attorney Haroutunian is not admitted to practice in this District and had not associated local counsel, Plaintiff was not presently represented by any counsel admitted to practice in this District. ECF No. 7 at 4. As such, Plaintiff is deemed to be proceeding *pro se*. *Id*. However, neither Plaintiff nor Attorney Haroutunian provided the Court with Plaintiff's address, and the Court noted that it was unable to communicate directly with Plaintiff. *Id*. As such, Attorney Haroutunian was ordered to either (1) associate local counsel in this case, who must enter a notice of appearance, or (2) provide the Court with Plaintiff's address so that the Court can provide Plaintiff an explanation as to the applicable rules and procedures for *pro se* litigants. *Id*. The Court expressly Ordered as follows:

> Based on the foregoing, **IT IS ORDERED** that Plaintiff's Motion to Appear Pro Hac Vice (ECF No. 3) is **DENIED, *without prejudice***, and Plaintiff's Motion for Leave to Appear Without Local Counsel (ECF No. 4) is **DENIED**. The Clerk of Court is directed to return to Attorney Haroutunian the submitted check for the fee to appear pro hac vice.
>
> **IT IS FURTHER ORDERED** that within twenty-one (21) days of this Order, Plaintiff shall (1) have local counsel file a notice of appearance or (2) submit to the Court, in writing, Plaintiff's address so that the Court can communicate with Plaintiff, who will be deemed to be proceeding *pro se* in this matter. After Plaintiff's address has been provided, it will be added to the docket, and the Court will issue an appropriate order and notice regarding the rules and procedures applicable to *pro se* litigants.

---

[3] The Local Rules provide in relevant part, "[u]pon motion of an attorney admitted to practice before this court" an attorney not admitted in the District who meets the stated requirements "may be permitted to appear in a particular matter in association with a member of the bar of this court." Local Civ. Rule 83.I.05(A) (D.S.C.). Here, no attorney admitted to practice before this Court has made such a motion. And, no local counsel who is a member of the bar of this Court has been associated with this case.

> If Attorney Haroutunian and Plaintiff fail to provide the Court with Plaintiff's address or fail to retain local counsel, the Court may dismiss this action pursuant to Rule 41(b) for failure to prosecute and/or comply with the Order of this Court.
>
> The Clerk is directed to mail a copy of this Order along with the docket sheet to Attorney Haroutunian at the address provided to the Court. Attorney Haroutunian is directed to provide Plaintiff with a copy of this Order along with the docket sheet.

*Id*. at 4–5 (emphasis in original) (footnote omitted).

The deadline to respond to the Court's Order was July 8, 2026. However, neither Plaintiff nor Attorney Haroutunian filed any response to the Court's Order. Further, Attorney Haroutunian has not associated local counsel nor has he (or Plaintiff) provided an address for Plaintiff.

**<u>DISCUSSION</u>**

"The Court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (noting Rule 41"recognize[s] that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders"). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Neither Plaintiff nor Attorney Haroutunian have responded to this Court's Order dated June 17, 2026, and the July 8, 2026, deadline has passed. There is no indication that Attorney Haroutunian has associated local counsel. As previously explained, Plaintiff is deemed to be proceeding in this action *pro se*. Plaintiff has not, however, provided the Court with an address at which he receives mail. In this Court's Order dated June 17, 2026, the Court clearly stated "**[i]f Attorney Haroutunian and Plaintiff fail to provide the Court with Plaintiff's address or fail to retain local counsel, the Court may dismiss this action pursuant to Rule 41(b) for failure to prosecute and/or comply with the Order of this Court.**" ECF No. 7 at 5 (emphasis added).

Because Plaintiff did not file a response to the Court's Orders, has failed to provide an updated address at which he receives his mail, and has failed to otherwise comply with the Court's Order, it appears to the Court that Plaintiff wishes to abandon his case. As Plaintiff has already ignored multiple Court Order and deadlines, the Court concludes that action less drastic than dismissal would not be effective.

Plaintiff has failed to prosecute this case and has failed to comply with this Court's prior Order. Accordingly, the case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the District Court **DISMISS** this action without prejudice pursuant to Rule 41(b) for failure to prosecute and comply with the Court's Orders.

The Clerk is directed to mail a copy of this Report and Recommendation to Attorney Haroutunian at the address provided to the Court. Attorney Haroutunian is directed to provide Plaintiff with a copy of this Report and Recommendation.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 20, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).