IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kairat Bizhayev,<br><br>Plaintiff,<br>v.<br><br>Carrie M. Selby, *in her official capacity as Associate Directorate U.S. Citizenship & Immigration Services*,<br><br>Defendant. | ) | Case No. 7:26-cv-02312-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

**BACKGROUND**

Plaintiff brings this civil action seeking relief under the Administrative Procedure Act related to an immigrant status determination by the United States Citizenship and Immigration Services. *See* ECF No. 1.

Plaintiff's Complaint is signed by out-of-state counsel, Vano I. Haroutunian ("Attorney Haroutunian"). *See* ECF No. 1. Attorney Haroutunian filed a Motion to Appear Pro Hac Vice and a Motion for Leave to Appear Without Local Counsel, *see* ECF Nos. 3; 4, both of which were denied by the Magistrate Judge for failure to show good cause. *See* ECF No. 7. In its Order denying these motions, the Magistrate Judge ordered Plaintiff to (1) have local counsel file a notice of appearance, or (2) submit to the Court, in writing, Plaintiff's address so that the Court can communicate with Plaintiff, who will be proceeding *pro se*. *Id.* at 4-5. The Magistrate Judge warned Plaintiff that failure to provide his address or retain local counsel may subject the action

to dismissal pursuant to Rule 41(b) for failure to prosecute and/or comply with the Order of this Court. *Id*. The deadline to respond to the Magistrate Judge's Order was July 8, 2026, and neither Plaintiff nor Attorney Haroutunian filed a response.

On July 20, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 8. Plaintiff has not filed any objections and the time to do so has lapsed.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified).

[1] At the direction of the Magistrate Judge, the Report was mailed to Attorney Haroutunian's address, the only address provided to the Court. *See* ECF Nos. 14 at 7; 17.

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

United States District Judge

August 26, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.